# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| |
|---|
| GITSIT Solutions, LLC FKA Kondaur Capital, LLC<br>Plaintiff,<br>v.<br>Chong Sourivong; Casey Prasathane,<br>Defendants. |

Case No.:

## COMPLAINT

### Jurisdiction and Venue

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.
2. Venue is property under 28 U.S.C. § 1391(b)(2) since the real property that is subject to this Complaint is located in the State of Rhode Island.
3. Plaintiff seeks to foreclose a mortgage to Plaintiff pursuant to R.IG.L. § 34-27-1, et seq.

### Parties

4. Plaintiff, GITSIT Solutions, LLC FKA Kondaur Capital, LLC has a usual place of business at 333 S. Anita Drive, Suite 400, West Orange, CA 92868.
5. Defendant, Chong Sourivong, is an Individual who, upon information and belief, resides at 63 Felix Street, Providence, RI 02908.
6. Defendant, Casey Prasathane, is an Individual who, upon information and belief, resides at 63 Felix Street, Providence, RI 02908.
7. Defendants, Chong Sourivong and Casey Prasathane, are the owners of the property located 63 Felix Street, Providence, RI 02908, as otherwise described in the mortgage (the "Property").
8. Defendants, Chong Sourivong and Casey Prasathane, are purported mortgagors of record.
9. The Property is further described on the City of Providence Tax Assessors Map as Plat 66, Lot 259.

### Facts

10. Phonekeo Saenbounmy executed and delivered a Warranty Deed for the Property to Chong Sourivong and Casey Prasathane, which deed is recorded in the Land Evidence Records for the City of Providence on March 31, 2005 at Book 7187, Page 170 (the "Deed"). See **Exhibit A.**

11. There is an unbroken chain of title of not less than 40 years, which creates marketable record title in Defendants Chong Sourivong and Casey Prasathane, pursuant to R.I.G.L. §34-13.1-2. See **Exhibit A**.

12. Defendants, Chong Sourivong and Casey Prasathane, executed and delivered a Note executed March 5, 2007 to EquiFirst Corporation in the principal amount of Two Hundred Sixty-Three Thousand Five Hundred Dollars and No Cents ($263,500.00) ("Note"). See **Exhibit B**.

13. The Note was then endorsed in blank by EquiFirst Corporation. See **Exhibit B**.

14. The Note was then endorsed to The Bank of New York Mellon Trust Company, National Association as grantor trustee of the Protium Master Grant Trust, by Sutton Funding, LLC. See **Exhibit B**.

15. The Note was then endorsed to Statebridge Company, LLC, as Attorney-in-Fact for The Bank of New York Mellon Trust Company, National Association as grantor trustee of the Protium Master Grant Trust. See **Exhibit B**.

16. As security for the Note, Chong Sourivong and Casey Prasathane, Joint tenants, executed, granted and delivered a first mortgage in the amount of $263,500.00 containing a power of sale to Mortgage Electronic Registration Systems, Inc., as nominee for EquiFirst Corporation, its successors and assigns executed March 5, 2007, and recorded in the Land Evidence Records for the City of Providence on August 24, 2007 in Book 8824 at Page 46 ("Mortgage"). See **Exhibit C**.

17. The mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for EquiFirst Corporation, its successors and assigns to Sutton Funding LLC by assignment, recorded in the Land Evidence Records for the City of Providence on December 15, 2008 in Book 9286 at Page 311. **See Exhibit D**.

18. The mortgage was assigned from Sutton Funding LLC to The Bank of New York Mellon Trust Company, National Association as grantor trustee of the Protium Master Grantor Trust by assignment, recorded in the Land Evidence Records for the City of Providence on October 31, 2012 in Book 10408 at Page 176. See **Exhibit D**.

19. The mortgage was assigned from The Bank of New York Mellon Trust Company, N.A., as grantor trustee of Protium Master Grantor Trust to US Bank, National Association, not in its individual capacity, but solely as Trustee for the RMAC Trust, Series 2012-5T by assignment, recorded in the Land Evidence Records for the City of Providence on April 22, 2013 in Book 10557 at Page 59. See **Exhibit D**.

20. The mortgage was assigned from U.S. Bank, National Association, Not In Its Individual Capacity, But Solely as Trustee for the RMAC Trust, Series 2012-5T to MTGLQ Investors, L.P. by assignment, recorded in the Land Evidence Records for the City of Providence on August 29, 2017 in Book 11814 at Page 69. See **Exhibit D**.

21. The mortgage was assigned from MTGLQ Investors, L.P. to U.S. Bank, National Association, Not In Its Individual Capacity, But Solely as Trustee for the RMAC Trust,

Series 2012-5T by assignment, recorded in the Land Evidence Records for the City of Providence on March 12, 2019 in Book 12302 at Page 70. See **Exhibit D**.

22. The mortgage was assigned from U.S. Bank, National Association, Not In Its Individual Capacity, But Solely as Trustee for the RMAC Trust, Series 2012-5T to Atlantica, LLC by assignment, recorded in the Land Evidence Records for the City of Providence on July 19, 2019 in Book 12497 at Page 207. See **Exhibit D**.

23. The mortgage was assigned from Atlantica, LLC to Argolica, LLC by assignment, recorded in the Land Evidence Records for the City of Providence on November 18, 2020 in Book 12912 at Page 229. See **Exhibit D**.

24. The mortgage was assigned from Argolica, LLC to Limosa, LLC by assignment, recorded in the Land Evidence Records for the City of Providence on November 18, 2020 in Book 12912 at Page 231. See **Exhibit D**.

25. The mortgage was assigned from Limosa, LLC to Kondaur Capital, LLC by assignment, recorded in the Land Evidence Records for the City of Providence on December 17, 2021 in Book 13406 at Page 131. See **Exhibit D**.

26. GITSIT Solutions, LLC is the successor by merger to Kondaur Capital, LLC, as provided in the merger documents filed with the Secretary of State on October 1, 2021. See **Exhibit D**.

27. The Mortgage is secured by the Property located in the City of Providence, Rhode Island, more particularly described as follows:

> That certain lot of land, together with all the buildings and improvements thereon, situated on the easterly side of Felix Street in the City of Providence, in the State of Rhode Island, laid out and designated as Lot No. 16 (sixteen) on that plat entitled, "The Mason and Okie Plat of House Lots in Providence, R.I. Surveyed and Platted Oct. 1877 by C.E. Paine", which plat is recorded in the Office of the Recorder of Deeds in said City of Providence, in Plat Book 17 at Page 43 and on Plat Card 595.

> Property Address:
> 63 Felix Street Providence, Rhode Island
> A.P. 66, Lot 259

28. Plaintiff, GITSIT Solutions, LLC FKA Kondaur Capital, LLC is the present holder of the Mortgage, and owner of the Note, or authorized by the owner of the Note.

29. No person other than the parties hereto appears of record in Land Evidence Records for the City of Providence to have any interest in said Property.

## COUNT I

30. Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-29 as if restated herein.

31. Defendants, Chong Sourivong and Casey Prasathane, are in default in the performance of the terms and conditions of the Note by reason of the failure to timely tender principal and interest payments as required by the terms of the Note.

32. As of January 31, 2022, the sum of $318,388.56 is necessary to cure the default.

33. As a result of the default, Plaintiff is entitled to foreclose the sums due and owing in connection with the Note.

34. As of January 31, 2022, the sum of $538,573.52 is due and owing to Plaintiff from Defendant in connection with the Note.

35. Defendants, Chong Sourivong and Casey Prasathane, have no defenses or right of set off with respect to the amounts due in connection with the Note other than discharge in the Bankruptcy Court.

36. On or about June 29, 2021 Plaintiff, or its predecessor in interest, or authorized servicer of the Mortgage, or anyone holding under the Mortgage, sent a notice of default and demand to the notice and default provisions of the Mortgage. See **Exhibit E.**

37. On or about September 10, 2021 Plaintiff, or its predecessor in interest, or authorized servicer of the Mortgage, or anyone holding under the Mortgage, by its attorneys, sent a notice of acceleration of the debt pursuant to the notice and default provisions of the Mortgage. See **Exhibit F.**

38. The foreclosure mediation provisions of R.I. Gen. Laws § 34-27-3.2 do not apply. Specifically, Banking Regulation 5 Section 5A(vi) permits a mortgagee to proceed to foreclosure without providing a Notice of Mediation Conference to the mortgagor.

39. The foreclosure counseling provisions of R.I. Gen. Laws § 34-27-3.1 do not apply to foreclosures conducted pursuant to R.I. Gen. Laws § 34-27-1.

## COUNT II

40. Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1-39 as if restated herein.

41. Defendants, Chong Sourivong and Casey Prasathane, as the present owners of the Property are the owners of the equity of redemption of the Property.

42. The Defendants, Chong Sourivong and Casey Prasathane, are in default in the performance of the terms and conditions of the Mortgage, namely; default in the payment of principal and interest of the Note secured by the Mortgage.

43. Plaintiff, its successors and/or assigns, is entitled to foreclose the Mortgage, in full or partial satisfaction of the Defendant's obligations in connection with the Note and Mortgage pursuant to their terms and applicable law.

44. Plaintiff, its successors and/or assigns, is entitled to foreclose the Mortgage by entry and possession and by exercise of the power of sale contained therein, in accordance with R.IG.L. § 34-27-1, et seq.

45. Upon information and belief and upon examination of the public records, there are no other parties with an equitable interest in the Property.

46. Upon information and belief and upon examination of the public records, there are no other parties with a mortgage, lien or encumbrance with respect to the Property.

47. Upon information and belief, there are no persons having any interest of ownership who are in the Military Service of the United States of America or otherwise entitled to the relief and benefits provided by the Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, as Amended. See **Exhibit G**.

WHEREFORE, Plaintiff prays that the following relief enter:

1. That an order of notice issue on this Complaint, if the Court deems appropriate;

2. Declare that the Mortgage recorded in the Land Evidence Records for the City of Providence on August 24, 2007 in Book 8824 at Page 46 is a valid first priority lien on the Property;

3. Declare that Defendants, Chong Sourivong and Casey Prasathane, are in default of the terms and conditions of the Note and Mortgage;

4. Declare that the foreclosure mediation provisions of RIGL § 34-27-3.2 do not apply;

5. Declare that the foreclosure counseling provisions of RIGL § 34-27-3.1 do not apply;

6. Enter judgment authorizing the Plaintiff, its successors and/or assigns, to foreclose the Mortgage recorded in the Land Evidence Records for the City of Providence on August 24, 2007 in Book 8824 at Page 46 by the exercise of the statutory power of sale therein and in accordance with R.I.G.L § 34-11-22 and R.I.G.L. § 34-27-1, et seq.;

7. Enter Judgment in favor of Plaintiff, its successors and/or assigns, for the sums due and owing from Defendants, Chong Sourivong and Casey Prasathane, in connection with the Note and Mortgage;

8. Enter an Order authorizing Plaintiff, its successors and/or assigns, to satisfy its Judgment from the foreclosure pursuant to the terms of the Mortgage;

9. The Court approve the acts of the Plaintiff, its successors and/or assigns, done and performed under the authority of any interlocutory decree authorizing a foreclosure sale and enter a final decree confirming the foreclosure sale; and

10. Such other and further relief as this Honorable Court deems meet and just.

Plaintiff,

By its attorney,

*/s/ Justin Pierce*
_____

Justin Pierce
Orlans PC
P.O. Box 540540
Waltham MA 02454
(781) 790-7800

## VERIFICATION

I reviewed the allegations set forth in the foregoing complaint and verify and affirm that the allegations are true based on my review of the records maintained in the ordinary course of business and a review of the public records maintained by the City of Providence. For those allegations set forth as information and belief, I believe them to be true based on the information I reviewed.

*Rosa McZiel*
_____

Rosa McZiel
GITSIT Solutions, LLC FKA Kondaur Capital, LLC

Subscribed to and sworn before me this _____ day of _____, 20___.

_____
Notary Public

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

S. POOLE
Notary Public - California
Orange County
Commission # 2365929
My Comm. Expires Jul 16, 2025

State of California
County of ___**Orange**___
Subscribed and sworn to (or affirmed)
before me on this _7th_ day of _April_
20_22_ by _Rosa McZiel_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

20-005502                          6