# Exhibit A

BK 7187PG0170

# WARRANTY DEED

I, **PHONEKEO SAENBOUNMY** of the Town of **Providence**, County of **Providence**, State of Rhode Island for consideration paid grant to **CHONG SOURIVONG** and **CASEY PRASATHANE** of the Town of **Providence**, County of Providence, State of Rhode Island as . Tenants by the entirety

### WITH WARRANTY COVENANTS

#### See Exhibit A attached hereto

I, PHONEKEO SAENBOUNMY do hereby covenant that I am a Rhode Island Resident as evidenced by affidavit and such no withholding pursuant to RIGL 44-30-71.3. is required.

The undersigned hereby certifies that he /she has complied with the smoke detector law, and carbon monoxide law under RIGL 23.28.35-1 et seq.

*IN WITNESS WHEREOF*, We have set our hands on this 31th day of March, 2005

PHONEKEO SAENBOUNMY

**STATE OF RHODE ISLAND**
**COUNTY OF KENT**

In East Greenwich, on the 31th day of March, 2005, before me personally appeared PHONEKEO SAENBOUNMY to be known by me to be the party executing the foregoing instrument and he/she acknowledged said instrument by him/her executed to be his/her free act and deed.

*Grantees Address·*
**63-65 Felix Street**
**Providence, RI 02908**

Notary Public:

**MELISSA D GUARINO**
**NOTARY PUBLIC**
**COMMISSION EXPIRATION**
**07-30-2007**

BK 7 1 8 7 PG 0 1 7 1

That certain lot of land, together with all the buildings and improvements thereon, situated on the easterly side of Felix Street, in the City of Providence, in the State of Rhode Island, laid out and designated as   Lot No. 16 (sixteen) on that plat entitled, "The Mason and Okie Plat of House Lots in Providence, R.I. Surveyed and Platted Oct. 1877 by C.E. Paine,", which plat is recorded in the Office of the Recorder of Deeds in said City of Providence, in Plat book 17, at Page 43, and on Plat Card 595.

BARBARA A. TRONCY
RECORDER OF DEEDS

2005 MAR 31   PM 1: 14

RECEIVED FOR RECORD
PROVIDENCE, RI

# Exhibit B

# NOTE

████████████████

| March 5, 2007 | Providence | RI |
|---|---|---|
| (Date) | (City) | (State) |

**63 Felix Street, Providence, RI  02908**
(Property Address)

**1. BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. **$ 263,500.00** (this amount is called "principal"), plus interest, to the order of the Lender.  The Lender is **EquiFirst Corporation**
   I will make all payments under this Note in the form of cash, check or money order.
   I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this note is called the "Note Holder."

**2.  INTEREST**
   Interest will be charged on unpaid principal until the full amount of principal has been paid.  I will pay interest at a yearly rate of **6.948%**.   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**
   **(A) Time and Place of Payments**
   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the **1st** day of each month beginning on **May 1, 2007**.  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.  Each monthly payment will be applied as of it's scheduled due date and will be applied to interest before principal. If on, **April 1, 2037** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."
   I will make my monthly payments at
**EquiFirst Corporation , 500 Forest Point Circle , Charlotte, NC 28273**
or at a different place if required by the Note Holder.

   **(B) Amount of Monthly Payments**
   My monthly payment will be in the amount of U.S. **$ 1,743.88** .

**4. BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of principal at any time before they are due.  A payment of principal only is known as a "prepayment".  When I make a prepayment, I will tell the Note Holder in writing that I am doing so.  I may make a full prepayment or partial prepayments without paying any prepayment charge.  The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note.  If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

████████████████████

Initials _C_G_
         _C. P_

5.  **LOAN CHARGES**
    If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

6.  **BORROWER'S FAILURE TO PAY AS REQUIRED**
    **(A) Late Charge for Overdue Payments**
    If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

    **(B) Default**
    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

    **(C) Notice of Default**
    If I am in default, the Note holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

    **(D) No Waiver By Note Holder**
    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

    **(E) Payment of Note Holder's Costs and Expenses**
    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7.  **GIVING OF NOTICES**
    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.
    Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or a different address if I am given a notice of that different address.

8.  **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9.  **WAIVERS**
    I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Initials _C S_
_C P_

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions.  In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.  Some of those conditions are described as follows:

If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and  a beneficial interest in Borrower is sold or transferred ), without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED**

_____ (Seal)          _____ (Seal)
Casey Prasathane            -Borrower       Chong Sourivong           -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                 -Borrower

## Note Endorsements

Borrower(s): Casey Prasathane & Chong Sourivong
Property Address: 63 Felix Street, Providence, RI  02908

Without Recourse, Pay to the Order of:

EquiFirst Corporation
By:
Stephanie Raymond   **Adam Guarnaccia**
Assistant Vice President

# SIGNATURE/NAME AFFIDAVIT

DATE: March 5, 2007

BORROWER: Casey Prasathane

THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW.
(This signature must *exactly* match signatures on the Note and Mortgage or Deed of Trust.)

Casey Prasathane
_____          *Casey prasathane*
(Print or Type Name)                      Signature

(If applicable, complete the following.)
I AM ALSO KNOWN AS:

Sourivong, Casey
_____          ___Not Known as___
(Print or Type Name)                      Signature

_____          _____
(Print or Type Name)                      Signature

_____          _____
(Print or Type Name)                      Signature

_____          _____
(Print or Type Name)                      Signature

and that Sourivong, Casey

and the same person.                                           are one

State/Commonwealth of Rhode Island
County/Parish of Providence
On this    5th   day of March, 2007                  , before me, the undersigned notary,
personally appeared
        CASEY PRASATHANE
proved to me through identification documents allowed by law, which were
to be the person(s) who signed the preceding document in my presence and who swore or affirmed to me that
the contents of the document are truthful and accurate to the best of his/her/their knowledge and belief.

Notary Public
State/Commonwealth of
Acting in the County/Parish of
                                    6/27/08
My Commission Expires:

VMP-304J (0405)          VMP Mortgage Solutions, Inc. (800)521-          5/04

JAY C. BIANCO
NOTARY
PUBLIC
STATE OF RHODE ISLAND

# SIGNATURE/NAME AFFIDAVIT

DATE: March 5, 2007

BORROWER: Chong Sourivong

THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW.
(This signature must <u>exactly</u> match signatures on the Note and Mortgage or Deed of Trust.)

Chong Sourivong

_____
(Print or Type Name)                                    Signature

(If applicable, complete the following.)

I AM ALSO KNOWN AS:

Sourivong, Chong  Mekdara
Mekdara, Chong
_____
(Print or Type Name)                                    Signature

_____
(Print or Type Name)                                    Signature

_____
(Print or Type Name)                                    Signature

_____
(Print or Type Name)                                    Signature

and that Sourivong, Chong  Mekdara Mekdara, Chong                          are one

and the same person.

State/Commonwealth of Rhode Island
County/Parish of Providence
On this  5th  day of March, 2007                    , before me, the undersigned notary,
personally appeared
CHONG SOURIVONG

proved to me through identification documents allowed by law, which were
to be the person(s) who signed the preceding document in my presence and who swore or affirmed to me that
the contents of the document are truthful and accurate to the best of his/her/their knowledge and belief.

_____
Notary Public
State/Commonwealth of
Acting in the County/Parish of

My Commission Expires:  6/17/07

-304J (0405)                VMP Mortgage Solutions, Inc. (800)521-7291                              5/04

Borrower Name: CASEY PRASATHANE & CHONG SOURIVONG
Property Address: 63 FELIX ST , PROVIDENCE, RI 02908

Note Date: **3/9/2007**
Note Amount: $263,500

# ALLONGE TO NOTE

## PAY TO THE ORDER OF:

**The Bank of New York Mellon Trust Company, National Association, as grantor
trustee of the Protium Master Grantor Trust**

without recourse

**By:**
**Sutton Funding, LLC**

By:

Harry Ahlin, Vice President

Borrower Name: CASEY PRASATHANE & CHONG SOURIVONG
Property Address: 63 FELIX ST , PROVIDENCE, RI 02908

Note Date: **3/9/2007**
Note Amount: $263,500

# ALLONGE TO NOTE

## PAY TO THE ORDER OF:

US Bank, National Association, not in its
individual capacity, but solely as Trustee for the
RMAC Trust, Series $2012 - 5T$

without recourse

### By:

**Statebridge Company, LLC, as Attorney-in-Fact for The Bank of New York Mellon
Trust Company, National Association, as grantor trustee of the Protium Master
Grantor Trust**

By: _____

(Name, Title):   David McDonnell, Managing Director

# Exhibit C

Doc No: 00192902
Book: 8824   Page: 46

Return To:
EquiFirst Corporation
Attn: Collateral M
500 Forest Point Circle
Charlotte, NC 28273

Prepared By:

Leemour BanksSmith
500 Forest Point Circle,
Charlotte, NC 28273

———————————————— [Space Above This Line For Recording Data] ————————————————

CORRECTIVE          **MORTGAGE**

This Motgage is to correct the previously recorded
mortgage in Book 8764 at Page 26 which did not have a
legal description attached.

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated March 5, 2007
together with all Riders to this document.
(B) "Borrower" is Chong Sourivong and Casey Prasathane, Joint tenants

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac                  Form 3040  1/01 (rev. 11/02)
UNIFORM INSTRUMENT WITH MERS

Wolters Kluwer Financial Services
VMP®-6A(RI) (0608)
Page 1 of 15            Initials: _U/S_
                                 _C P_

Doc No: 00192902
Book: 8824   Page:   47

(D) "Lender" is EquiFirst Corporation

Lender is a Corporation
organized and existing under the laws of North Carolina
Lender's address is 500 Forest Point Circle, Charlotte, NC 28273

(E) "Note" means the promissory note signed by Borrower and dated March 5, 2007
The Note states that Borrower owes Lender two hundred sixty-three thousand five
hundred and 00/100                                                     **Dollars**
(U.S $263,500.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than April 1, 2037
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☒ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(N) "Mortgage **Insurance**" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used

Doc No: 00192902
Book: 8824   Page:      48

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the
                      County                of                Providence                :
        [Type of Recording Jurisdiction]               [Name of Recording Jurisdiction]
See Attached Exhibit A

Parcel ID Number: Plat 660 Lot 259                 which currently has the address of
63 Felix Street                                                                    [Street]
Providence                                      [City], Rhode Island 02908      [Zip Code]
("Property Address"):

      TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

      BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Initials: _CS_
_C P_

VMP ®-6A(RI) (0608)                    Page 3 of 15                        Form 3040   1/01 (rev. 11/02)

Doc No: 00192902
Book: 8824   Page:      49

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

Doc No: 001920902
Book: 8824   Page: 50

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

Doc No: 00192902
Book: 8824  Page: 51

lien  Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. *Occupancy.* Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

Initials: *US*

Form 3040   1/01 (rev. 11/02)

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

VMP®-6A(RI) (0608)    Page 8 of 15    Initials: _C S_    Form 3040   1/01 (rev. 11/02)
_C P_

Doc No: 00192902
Book: 8824  Page:        54

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

Doc No: 00192902
Book: 8824  Page:  56

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA



requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

Initials: C S

C. P

Doc No: 00192902
Book: 8824   Page:    58

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. No Outstanding Automatic Orders in Domestic Relations Cases.** Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

**25. Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

Initials: _CS_

Form 3040   1/01 (rev. 11/02)

Doc No: 00192902
Book: 8824   Page:   59

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____ (Seal)
Casey Phasathane                                           -Borrower

_____ (Seal)
Chong Sourivong                                           -Borrower

_____ (Seal)          _____ (Seal)
                      -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                      -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                      -Borrower                                -Borrower

Doc No: 00192902
Book: 8824 Page:    60

STATE OF RHODE ISLAND, _____ Providence _____ County ss:

On this 5th day of MARCH 2007, in Providence,
in said County, before me personally appeared Casey Prasathane & Chong Sourivong

each and all to me known and known to me to be the person(s) executing the foregoing instrument and acknowledged said execution to be his/her/their free act and deed.

_____ 6/7/09
Notary Public



Initials: CS  CP

Doc No: 00192902
Book: 8824   Page:   61

# 1-4 FAMILY RIDER
### (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this 5th      day of March, 2007      ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed
of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned (the "Borrower") to secure Borrower's Note to EquiFirst Corporation

(the
"Lender") of the same date and covering the Property described in the Security Instrument
and located at: 63 Felix Street, Providence, RI   02908

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to
the Property described in the Security Instrument, the following items now or hereafter
attached to the Property to the extent they are fixtures are added to the Property description,
and shall also constitute the Property covered by the Security Instrument: building materials,
appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or
intended to be used in connection with the Property, including, but not limited to, those for
the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light,
fire prevention and extinguishing apparatus, security and access control apparatus, plumbing,
bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers,
disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades,
curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings,
all of which, including replacements and additions thereto, shall be deemed to be and remain
a part of the Property covered by the Security Instrument. All of the foregoing together with
the Property described in the Security Instrument (or the leasehold estate if the Security
Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security
Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or
make a change in the use of the Property or its zoning classification, unless Lender has
agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations
and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow
any lien inferior to the Security Instrument to be perfected against the Property without
Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in
addition to the other hazards for which insurance is required by Section 5.

**MULTISTATE 1- 4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
Form 3170 1/01

Wolters Kluwer Financial Services
VMP ®-57R (0411).01
Page 1 of 3      Initials: C B      C P

Doc No: 00192902
Book: 8824   Page:   62

E. "BORROWER'S RIGHT TO REINSTATE" DELETED. Section 19 is deleted.

F. BORROWER'S OCCUPANCY. Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

G. ASSIGNMENT OF LEASES. Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I. CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

Initials: _____

VMP ®-57R (0411).01          Page 2 of 3          Form 3170 1/01

Doc No: 00192902
Book: 8824   Page:   63

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

_Casey Prasathane_ _____ (Seal)       _Chong S_ _____ (Seal)
Casey Prasathane                    -Borrower       Chong Soupvong                    -Borrower

_____ (Seal)       _____ (Seal)
                                    -Borrower                                          -Borrower

_____ (Seal)       _____ (Seal)
                                    -Borrower                                          -Borrower

_____ (Seal)       _____ (Seal)
                                    -Borrower                                          -Borrower

VMP ®-57R (0411).01              Page 3 of 3              Form 3170 1/01

Doc No: 00192902
Book: 8824   Page:   64

File No:Sourivong

## EXHIBIT A - LEGAL DESCRIPTION

That certain lot of land, together with all the buildings and improvements thereon, situated on the easterly side of Felix Street in the City of Providence, In the State of Rhode Island, laid out and designated as Lot No. 16 (sixteen) on that plat entitled, "The Mason and Okie Plat of House Lots in Providence, R.I. Surveyed and Platted Oct. 1877 by C.E. Paine", which plat is recorded in the Office of the Recorder of Deeds in said City of Providence, in Plat Book 17 at Page 43 and on Plat Card 595.

Property Address:

63 Felix Street
Providence, Rhode Island
A.P. 66, Lot 259

RECEIVED:

Providence
Received for Record
Aug 24,2007  at  01:23:31P
Document Num:   00192902
Barbara Troncy
Recorder of Deeds

# Exhibit D

Doc No: 00029930
Book: 9286    Page:    311

When Recorded Mail to:
Nicholas Barrett
999 South Broadway
East Providence, RI 02914

_____(space above this line for recording Date)_____

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Sutton Funding LLC c/o Barclays Capital Real Estate Inc. dba HomEq Servicing, 4837 Watt Ave, North Highlands, CA 95660, its Successors and Assigns, all beneficial interest under that certain Mortgage dated March 5, 2007 executed by CASEY PRASATHANE and CHONG SOURIVONG, Mortgagors, and recorded on July 11, 2007 in the Records of Land Evidence of the City of Providence, State of Rhode Island, in Book 8764 at Page 26 as affected by that corrective mortgage recorded August 24, 2007 in said Land Evidence Records in Book 8824 at Page 46, describing land therein as:

Commonly known as:      63 Felix Street, Providence, RI  02908
                        Assessors Plat: 660 Lot:  259

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest and all rights accrued or to accrue under said mortgage.

MERS Inc., as Nominee for EquiFirst Corporation

BY:_____
Name: Noviko  Colston

Title: Asst. See.

State of ___California___
County of _Sacramento_

On 12-8. , 2008, before me, personally appeared Noviko Colston ,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public
Name_____
Notary Public in for said State
My Commission expires:_____

(this area for official seal)



S. CARBAJAL
COMM. #1673843
NOTARY PUBLIC-CALIFORNIA
SACRAMENTO CO.
EXP. JUNE 9, 2010

RECEIVED:

Providence
Received for Record
Dec 15,2008  at  10:05:28A
Document Num:   00029930
John A Murphy
Recorder of Deeds

When recorded return to:
Marinosci Law Group, P.C.
1350 Division Road, Suite 301
West Warwick, RI 02893
MLG File No.: 12-05119FC

Doc No: 00051051
Book:10408 Page:   176

## ASSIGNMENT OF MORTGAGE
### RHODE ISLAND

This **ASSIGNMENT OF MORTGAGE** is made and entered into as of this 20 day of September, 2012 from Sutton Funding LLC, whose address 745 7ᵗʰ Avenue, New York, NY 10019 ("Assignor") to **The Bank of New York Mellon Trust Company, National Association as grantor trustee of the Protium Master Grantor Trust**, whose address is c/o Statebridge Company, LLC, 4600 South Syracuse Street, Suite 700, Denver, CO 80237 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, transfer and set over unto the Assignee, its successors, transferees and assigns forever, all of the right, title and interest of said Assignor in and to the following instrument describing land therein, duly recorded in the City of Providence Land Evidence Records, State of RI, as follows;

| | |
|---|---|
| *Mortgagors: | **Casey Prasathane and Chong Sourivong** |
| Mortgagee: | **Mortgage Electronic Registration Systems, Inc.** |
| Document Date: | **March 5, 2007** |
| Recording Date: | **July 11, 2007** |
| Book/Liber: | **8764** |
| Page/Folio: | **26** |

*As affected by that Corrective Mortgage recorded August 24, 2007, at Book 8824, Page 46.

Property address:          **63 Felix Street, Providence, RI 02908**

Property described as follows:
**FOR A COMPLETE LEGAL DESCRIPTION SEE ABOVE REFERENCED RECORDED MORTGAGE**

Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges.

This Assignment is made without recourse, representation or warranty.

IN WITNESS WHEREOF the Assignor has caused these presents to be executed in its name by its proper officer thereunto duly authorized, the ___20___, day of ___September___, 2012.

Signed, sealed and delivered in the presence of:

(1) _____
         Witness

(2) _____
         Witness

STATE OF _New York_  )
                                    )ss.
COUNTY OF _New York_  )

RECEIVED:
Received for Record
Oct 31, 2012 at 10:28:15A
Document Num: 00051051
John A Murphy
Recorder of Deeds

Sutton Funding LLC

BY: _____
Name: _Harry Ahlin_
Title: _Vice President_

In _New York_ on the _20th_ day of _Sept_ 2012, before me personally appeared _Harry Ahlin_, the Authorized Representative of Sutton Funding LLC, to me known and known by me to be the party executing the foregoing instrument, and he/she acknowledged said instrument by him/her executed to be his/her free act and deed, and the free act and deed of Sutton Funding LLC.

**LEDINE GOCAJ**
Notary Public, State of New York
No. 01GO6250260
Qualified in New York County
Commission Expires: October 24, 2015

Notary Public
Name: _Ledine Gocaj_
My commission Expires: _Oct 24, 2015_

# RHODE ISLAND

PREPARED BY SECURITY CONNECTIONS
~~WHEN RECORDED MAIL TO~~:
*ROOSEVELT MANAGEMENT COMPANY*
*7301 N. HIGHWAY 161, SUITE 136*
*IRVING, TX 75039*
*ATTN COLLATERAL*
*ATTN:  COLLATERAL*

Doc No: 00064162
Book:10557   Page:   59

TOWN OF *PROVIDENCE*

Space above for recorder's use

*Assignment-Interv.-Recorded*

# ASSIGNMENT OF MORTGAGE OR DEED OF TRUST

FOR VALUE RECEIVED, *THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS GRANTOR TRUSTEE OF PROTIUM MASTER GRANTOR TRUST,*

located at *601 TRAVIS STREET, 16TH FLOOR, HOUSTON, TX 77002*
does hereby grant, assign, transfer and set over unto _____

US Bank, National Association, not in its
individual capacity, but solely as Trustee for the
RMAC Trust, Series *2012-5T*

located at _____
                                                        its successors
and assigns a certain Mortgage or Deed of Trust dated    *MARCH 5, 2007*
executed by *CHONG SOURIVONG AND CASEY PRASATHANE, JOINT TENANTS*
                                                        as Grantor(s),
and recorded in Volume *8764, 8824*    Page No. *26, 46*    Instrument No. 00192902
of the Mortgage or Deed of Trust records in the office of the Town Clerk in the
Town of *PROVIDENCE*    State of Rhode Island on the *24th* day of *AUGUST 2007*
Time of recording _____.
Property Address: *63 FELIX STREET, PROVIDENCE, RI 02908*

When Recorded Mail to:
T.D. Service Company
4000 W Metropolitan Dr. #400
Orange, CA 92686

Page 1 of 2



Doc No: 00064162
Book:10557   Page:   60

TOGETHER with all rights accrued or to accrue to said MORTGAGE OR DEED OF TRUST.

DATED December 28, 2012.

THE BANK OF NEW YORK MELLON TRUST COMPANY,
N.A., AS GRANTOR TRUSTEE OF THE PROTIUM MASTER
GRANTOR TRUST, BY STATEBRIDGE COMPANY, LLC, ITS
ATTORNEY IN FACT

Witness, *CATHERINE MILO*

DAVID MCDONNELL
MANAGING DIRECTOR

Witness, *Cerena Rodriguez*

STATE OF Colorado )
                                        ) ss
COUNTY OF Denver )

On December 28, 2012, before me, the undersigned, a Notary Public in and
for said County and State, personally appeared DAVID MCDONNELL
known to me to be the person who executed the within instrument as the
MANAGING DIRECTOR                           , and
known to me to be the person who executed the within instrument as the
of the Corporation that executed the
within instrument and acknowledged to me that the  Corporation executed the within
instrument pursuant to its by-laws or a resolution of its board of directors.
WITNESS my hand and official seal.

NOTARY PUBLIC

HEATHER ARD
Notary Public
State of Colorado
Notary ID 20124079503
My Commission Expires Dec 5, 2016

RECEIVED
Recorded of Record
Apr 22,2013  at  11:32:17A
Document Num:   00064162
John A Murphy
Recorder of Deeds

Page 2 of 2

Doc No: 00179948
Book:11814   Page:   69

Prepared By:
Roosevelt Management Company, LLC

When recorded mail to:
Abstrax, LLC
Attn: Collateral Dept.
88 Silva Lane, 2nd Floor
Middletown, RI 02842

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned, U.S. Bank, National Association, Not In Its Individual Capacity, But Solely as Trustee for the RMAC Trust, SERIES 2012-5T by Rushmore Loan Management Services LLC its appointed attorney in fact, whose address is 60 Livingston Avenue, Saint Paul, MN 55107, hereby assign and transfer to MTGLQ Investors, L.P., whose address is 6011 Connection Drive, Irving, TX 75039, all its right, title and all beneficial interest in and to a certain Deed of Trust and Note, executed by Chong Sourivong and Casey Prasathane, joint tenants to Mortgage Electronic Registration Systems, Inc., as nominee for EquiFirst Corporation and NA as Trustee, bearing the date of March 5, 2007 and recorded on August 24, 2007, with an original loan amount of $263,500.00 in the office of the Recorder of Providence County, State of RI, in Book 8764 at Page 26 or Instrument # 00188283.

Property Address: 63 Felix Street, Providence, RI 02908

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on ___JUN 1 5 2017.

U.S. Bank, National Association, Not In Its Individual Capacity, But Solely as Trustee for the RMAC Trust, SERIES 2012-5T by Rushmore Loan Management Services LLC its appointed attorney in fact

By: _____
Name: Tim Lightfoot
Title: Vice President

State of Texas
County of Dallas
Before me, Kristin Hoard , on this day personally appeared Tim Lightfoot known to me (or proved to me on the oath of or through _____ to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that he/she/they/ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 15 day of June , 20 17

(SEAL)

_____
Notary Public Signature

KRISTIN HOARD
Notary Public, State of Texas
Comm. Expires 03-27-2021
Notary ID 131059842

Doc No: 00179948
Book:11814  Page:    70

EXHIBIT A

That certain lot of land, together with all the buildings and improvements thereon, situated on the easterly side of Felix Street in the City of Providence, in the State of Rhode Island, laid out and designated as Lot No. 16 (sixteen) on that plat entitled, "The Mason and Okie Plat of House Lots in Providence, R.I. Surveyed and Platted Oct. 1877 by C.E. Paine", which plat is recorded in the Office of the Recorder of Deeds in said City of Providence, in Plat Book 17 at Page 43 and on Plat Card 595.

RECEIVED:

Providence
Received for Record
Aug 29,2017  at  12:55P
Document Num:   00179948
John A Murphy
Recorder of Deeds

PREPARED BY: RMC
WHEN RECORDED, RETURN TO:
**ROOSEVELT MANAGEMENT COMPANY**
**1755 WITTINGTON PLACE, SUITE**
**DALLAS, TX 75234**

RECORDING REQUESTED BY:
**ROOSEVELT MANAGEMENT COMPANY**

Doc No: 00222050
Book:12302  Page:  70

### ASSIGNMENT OF MORTGAGE

**FOR VALUE RECEIVED:**

ASSIGNOR:                          **MTGLQ INVESTORS, L.P.**
ASSIGNOR ADDRESS:                  **6011 CONNECTION DRIVE, IRVING, TX 75039**

**HEREBY GRANTS, ASSIGNS, AND TRANSFERS TO:**

ASSIGNEE:                          **U.S. BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL**
                                   **CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST,**
                                   **SERIES 2012-5T**
ASSIGNEE ADDRESS:                  **60 LIVINGSTON AVENUE, ST. PAUL, MN 55107**

**ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST:**
DATED:                             **03/05/2007**
ORIGINAL LOAN AMOUNT:              **$263,500.00**
GRANTOR/BORROWER:                  **CHONG SOURIVONG AND CASEY PRASATHANE, JOINT TENANTS**
ORIGINAL BENEFICIARY:              **EQUIFIRST CORPORATION**

**RECORDED** IN THE LAND EVIDENCE RECORDS OF THE CITY OF **PROVIDENCE, RHODE ISLAND** ON: 08/24/2007 IN
BOOK/VOLUME/LIBER: 8764 PAGE: 26 DOCUMENT: 00188283

PROPERTY SUBJECT TO LIEN:          **63 FELIX STREET, PROVIDENCE, RI 02908**

**TOGETHER WITH THE PROMISSORY NOTE SECURED BY SAID MORTGAGE AND ALSO ALL RIGHTS ACCRUED**
**OR TO ACCRUE UNDER SAID MORTGAGE.**

DATED:  **MAR 0 1 2019**                   **MTGLQ INVESTORS, L.P.  BY RUSHMORE LOAN MANAGEMENT**
                                          **SERVICES LLC AS ITS APPOINTED ATTORNEY IN FACT**

                                          BY:
                                          NAME: ENADIA PIERCE
                                          TITLE:  ASST. VICE PRESIDENT

# ACKNOWLEDGMENT

State of    **TEXAS**         ) SS:
County of   **DALLAS**

On **MAR 0 1 2019** before me the undersigned, a notary public in and for said state, personally appeared **ENADIA PIERCE, ASST. VICE PRESIDENT,** personally known to me to be the duly authorized person who executed the within instrument on behalf of **MTGLQ INVESTORS, L.P. BY RUSHMORE LOAN MANAGEMENT SERVICES LLC, ITS APPOINTED ATTORNEY IN FACT,** and acknowledged/sworn to me that such **ASST. VICE PRESIDENT** executed the within instrument pursuant to its by-laws or a resolution of its board of directors.

Witness my hand and official seal.



Notary Public in and for said County and State
My commission expires on:     **9/21/2021**

Doc No: 00222050
Book: 12302     Page:     71

```
          STACEY BURDETT
     Notary Public, State of Texas
     Comm. Expires 09-21-2021
        Notary ID 131289531
```

RECEIVED:

Providence
Received for Record
Mar 12,2019  at  11:07A
Document Num:    00222050
John A Murphy
Recorder of Deeds

PROPERTY SUBJECT TO LIEN:             **63 FELIX STREET, PROVIDENCE, RI 02908**

Doc No: 00238079
Book:12497 Page: 207

Recording Requested By:
**ROOSEVELT MANAGEMENT CO**
Prepared By: Brooke Ewing

When recorded mail to:
**C.R. Hall**
**2860 Exchange BLVD. #100**
**Southlake, TX 76092**

Property Address:
**63 FELIX ST**
**PROVIDENCE, RI 02908**

This space for Recorder's use

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **60 LIVINGSTON AVENUE, ST. PAUL, MN 55107** does hereby grant, sell, assign, transfer and convey unto **ATLANTICA, LLC** whose address is **2003 Western Ave, Suite 340, Seattle, WA 98121** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

| | |
|---|---|
| Mortgagee: | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR EQUIFIRST CORPORATION, ITS SUCCESSORS AND ASSIGNS** |
| Borrower(s): | **CHONG SOURIVONG AND CASEY PRASATHANE, JOINT TENANTS** |
| Date of Mortgage: | 3/5/2007 |
| Original Loan Amount: | **$263,500.00** |

Recorded in **Providence Township, RI** on: **8/24/2007**, book **8764**, page **26** and instrument number N/A

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
Dated: ___JUL 1 9 2019___

**U.S. BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2012-5T BY RUSHMORE LOAN MANAGEMENT SERVICES, ITS APPOINTED ATTORNEY IN FACT**

By: _____
Enadia Pierce, Asst. Vice President

OAKHARBOR/AOM/ROOSEVELT2019-4OPD/N
ATLANTICA, LLC

State of Texas, County of Dallas
On ___JUL 1 9 2019___, before me, Nicole Johnson, a Notary Public, personally appeared **Enadia Pierce, Asst. Vice President of U.S. BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2012-5T BY RUSHMORE LOAN MANAGEMENT SERVICES, ITS APPOINTED ATTORNEY IN FACT** personally known to me to be the person(s) whose name(s) is/are subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public: Nicole Johnson
My Commission Expires : 4/8/2021

NICOLE JOHNSON
My Notary ID # 129379313
Expires April 8, 2021

Page 1 of 1

DOC: 2020270832
Bk: 12912    Pg:   229

Recording Requested By:
Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121-3132

When Recorded Mail To:
ARGOLICA, LLC
2001 Western Avenue, Suite 430
Seattle, WA 98121

Prepared:   David Ussery

_Space above this line for Recorder's use only_

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

**Assignor: ATLANTICA, LLC**
**Assignee: ARGOLICA, LLC**

For Value Received, the undersigned ATLANTICA, LLC, its successors and/or assigns, whose address is 2001 Western Ave, Suite 400, Seattle, WA 98121, hereby conveys, assigns, and transfers to ARGOLICA, LLC, its successors and/or assigns, whose address is 2001 Western Avenue, Suite 430, Seattle, WA 98121, all right, title, and interest under that certain Deed of Trust dated 03/05/2007 executed by CHONG SOURIVONG AND CASEY PRASATHANE. JOINT TENANTS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS. INC. AS NOMINEE FOR EQUIFIRST CORPORATION. ITS SUCCESSORS AND ASSIGNS in the amount of $263,500.00 and recorded on 08/24/2007 as Instrument No.: 00192902 in the Book/Volume or Liber No.: 8824 Page/Folio: 46 of Official Records in the County Recorder's office of PROVIDENCE County, RI describing land herein as: SEE ATTACHED 'EXHIBIT A.'
Property Address: **63 FELIX ST, PROVIDENCE, RI 02908**

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and ALL rights accrued or to accrue under said Mortgage/Deed of Trust/Security DEED.

Dated: 11/17/2020                                   **ATLANTICA, LLC**

State of WASHINGTON
                                       §        Signature

County of KING                                Name: ROGER SHADDUCK
                                              Title: Authorized Representative

On 11/17/2020 before me, MALENA MAGALLANEZ, Notary Public, personally appeared ROGER SHADDUCK, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity(ies), and that by their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Malena Magallanez_
MALENA MAGALLANEZ
Notary Public, State of WASHINGTON
My Commission expires on 06/29/2023

DOC: 2020270832
BK 12912   PG 230

# EXHIBIT A

### LEGAL DESCRIPTION

THAT CERTAIN LOT OF LAND, TOGETHER WITH ALL THE
BUILDINGS AND IMPROVEMENTS THEREON, SITUATED ON THE
EASTERLY SIDE OF FELIX STREET IN THE CITY OF PROVIDENCE,
TN THE STATE OF RHODE ISLAND, LAID OUT AND DESIGNATED
AS LOT NO. 16 (SIXTEEN) ON THAT PLAT ENTITLED, "THE MASON
AND OKIE PLA1 OF HOUSE LOTS IN PROVIDENCE, R.I. SURVEYED
AND PLATTED OCT. 1877 BY C.E. PAINE", WHICH PLAT IS
RECORDED IN THE OFFICE OF THE RECORDER OF DEEDS IN SAID
CITY OF PROVIDENCE, IN PLAT BOOK 17 AT PAGE 43 AND ON
PLAT CARD 595.

Tax ID: 66/ / 259/ /

```
RECEIVED:
Providence
Received for Record
11/18/2020 11:49:48 AM
Document Num: 2020270832
John A Murphy
Recorder of Deeds
```

DOC: 2020270835
Bk:  12912     Pg:  231

Recording Requested By:
Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121-3132

When Recorded Mail To:
Limosa, LLC
2001 Western Avenue, Suite 430
Seattle, WA 98121

Prepared:   David Ussery

Space above this line for Recorder's use only

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

**Assignor:** Argolica, LLC
**Assignee:** Limosa, LLC

For Value Received, the undersigned ARGOLICA, LLC, its successors and/or assigns, whose address is 2001 Western Ave, Suite 400, Seattle, WA 98121, hereby conveys, assigns, and transfers to LIMOSA, LLC, its successors and/or assigns, whose address is 2001 Western Avenue, Suite 430, Seattle, WA 98121, all right, title, and interest under that certain Deed of Trust dated 03/05/2007 executed by CHONG SOURIVONG AND CASEY PRASATHANE. JOINT TENANTS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS. INC. AS NOMINEE FOR EQUIFIRST CORPORATION. ITS SUCCESSORS AND ASSIGNS in the amount of $263,500.00 and recorded on 08/24/2007 as Instrument No.: 00192902 in the Book/Volume or Liber No.: 8824 Page/Folio: 46 of Official Records in the County Recorder's office of PROVIDENCE County, RI describing land herein as: SEE ATTACHED 'EXHIBIT A.' Property Address: **63 FELIX ST, PROVIDENCE, RI 02908**

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and ALL rights accrued or to accrue under said Mortgage/Deed of Trust/Security DEED.

Dated: 11/17/2020                                       **ARGOLICA, LLC**

State of WASHINGTON

                                        §        Signature

County of KING                                  Name: <u>ROGER SHADDUCK</u>
                                                Title: Authorized Representative

On 11/17/2020 before me, MALENA MAGALLANEZ, Notary Public, personally appeared ROGER SHADDUCK, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity(ies), and that by their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature
MALENA MAGALLANEZ
Notary Public, State of WASHINGTON
My Commission expires on 06/29/2023

DOC: 2020270833
BK 12912   PG 232

# EXHIBIT A

### LEGAL DESCRIPTION

THAT CERTAIN LOT OF LAND, TOGETHER WITH ALL THE
BUILDINGS AND IMPROVEMENTS THEREON, SITUATED ON THE
EASTERLY SIDE OF FELIX STREET IN THE CITY OF PROVIDENCE,
IN THE STATE OF RHODE ISLAND, LAID OUT AND DESIGNATED
AS LOT NO. 16 (SIXTEEN) ON THAT PLAT ENTITLED, "THE MASON
AND OKIE PLA1 OF HOUSE LOTS IN PROVIDENCE, R.I. SURVEYED
AND PLATTED OCT. 1877 BY C.E. PAINE", WHICH PLAT IS
RECORDED IN THE OFFICE OF THE RECORDER OF DEEDS IN SAID
CITY OF PROVIDENCE, IN PLAT BOOK 17 AT PAGE 43 AND ON
PLAT CARD 595.

Tax ID: 66/ / 259/ /

```
RECEIVED:
Providence
Received for Record
11/18/2020 11:49:49 AM
Document Num: 2020270833
John A Murphy
Recorder of Deeds
```

2

DOC: 2021308088
Bk: 13406      Pg: 131

Recording requested by, return to:
Roger Shadduck
Oak Harbor Capital, LLC
2001 Western Avenue, Suite 400
Seattle, WA 98121

Prepared by: Roger Shadduck for OHC

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned **LIMOSA, LLC** whose address is 2003 Western Avenue, Suite #340, Seattle, WA 98121, hereby conveys, assigns, and transfers to **Kondaur Capital, LLC**, whose address is 333 South Anita Drive, Suite 400, Orange, CA 92868, its successors and/or assigns, all right, title and interest together with all moneys due or to become due and all rights accrued or to accrue under that certain Mortgage dated **03/05/2007**, executed by **CHONG SOURIVONG AND CASEY PRASATHANE, JOINT TENANTS** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR EQUIFIRST CORPORATION, ITS SUCCESSORS AND ASSIGNS** for **$263,500.00** and recorded on 07/11/2007 as Instrument Number 00188283 in Book 8764, Page 26 and Re-recorded on **08/24/2007** as Instrument No. **00192902** in Book **8824**, Page **46** of Land Records of the **CITY OF PROVIDENCE, PROVIDENCE** County, RI
**Property Address: 63 FELIX ST, PROVIDENCE, RI 02908**          **Parcel ID: 66-259**

Dated: November 24, 2021                **LIMOSA, LLC**



Name: Dominic Nicholas
Title: Transaction Manager

On November 24, 2021 before me, MALENA MAGALLANEZ, Notary Public, personally appeared Dominic Nicholas, Authorized Representative of LIMOSA, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____
Notary Public: Malena Magallanez
My Commission Expires: 06-26-2023

**47840976**
     RECEIVED:
     Providence
     Received for Record
     12/17/2021 08:41:57 AM
     Document Num: 2021308088
     John A Murphy
     Recorder of Deeds



# Delaware

### The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT

COPY OF THE CERTIFICATE OF AMENDMENT OF "KONDAUR CAPITAL, LLC",

CHANGING ITS NAME FROM "KONDAUR CAPITAL, LLC" TO "GITSIT

SOLUTIONS, LLC", FILED IN THIS OFFICE ON THE FIRST DAY OF

OCTOBER, A.D. 2021, AT 7:51 O`CLOCK A.M.



Jeffrey W. Bullock, Secretary of State

4376689  8100
SR# 20213397260

Authentication: 204299633
Date: 10-01-21

You may verify this certificate online at corp.delaware.gov/authver.shtml

DocuSign Envelope ID: 875234AA-AB60-4BFD-8B04-1740DC204181

# STATE OF DELAWARE
## CERTIFICATE OF AMENDMENT
## TO CERTIFICATE OF FORMATION

It is hereby certified that:

1.      The name of the limited liability company is Kondaur Capital, LLC (the "Company").

2.      Section 1 of the Certificate of Formation of the Company is hereby amended to change the name of the Company to read in full as follows:

"1. The name of the limited liability company (the "Company") is GITSIT Solutions, LLC."

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Amendment this 1st day of October, 2021.

DocuSigned by:

*Michael Corasaniti*

99C49A372D4F4A0...

Michael Corasaniti, Manager

State of Delaware
Secretary of State
Division of Corporations
Delivered  07:51 AM 10/01/2021
FILED  07:51 AM 10/01/2021
SR 20213397260  - File Number  4376689

# Exhibit E

P.O. Box 5041
Troy, MI 48007-5041

Casey Prasathane
63 Felix Street Apartment 1,
Providence, RI 02905

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM — 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED  FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail

Casey Prasathane
63 Felix Street Apartment 1,
Providence, RI 02905

Re: File Number 20-005502
Property Address: 63 Felix Street, Providence, RI 02908

Dear Casey Prasathane:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.


Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

P.O. Box 5041
Troy, MI 48007-5041

USPS CERTIFIED MAIL

9214 8901 9403 8300 0043 5501 27

Chong Sourivong
63 Felix Street,
Providence, RI 02908

File:   20-005502

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED  FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail
███████████████

Chong Sourivong
63 Felix Street,
Providence, RI 02908

Re: File Number 20-005502
    Property Address: 63 Felix Street, Providence, RI 02908

Dear Chong Sourivong:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.


Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

P.O. Box 5041
Troy, MI 48007-5041

Chong Sourivong
63 Felix Street,
Providence, RI 02908

File:   20-005502

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED  FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail

Chong Sourivong
63 Felix Street,
Providence, RI 02908

Re: File Number 20-005502
    Property Address: 63 Felix Street, Providence, RI 02908

Dear Chong Sourivong:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.


Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

P.O. Box 5041
Troy, MI 48007-5041

Chong Sourivong
63 Felix Street Apartment 1,
Providence, RI 02908

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED  FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail
██████████████████

Chong Sourivong
63 Felix Street Apartment 1,
Providence, RI 02908

Re: File Number 20-005502
    Property Address: 63 Felix Street, Providence, RI 02908

Dear Chong Sourivong:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.


Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

P.O. Box 5041
Troy, MI 48007-5041

Casey Prasathane
63 Felix Street,
Providence, RI 02908

File:   20-005502

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED  FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail
███████████████

Casey Prasathane
63 Felix Street,
Providence, RI 02908

Re: File Number 20-005502
     Property Address: 63 Felix Street, Providence, RI 02908

Dear Casey Prasathane:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.

Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

P.O. Box 5041
Troy, MI 48007-5041

Casey Prasathane
63 Felix Street Apartment 65,
Providence, RI 02908

File:   20-005502

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED  FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail

Casey Prasathane
63 Felix Street Apartment 65,
Providence, RI 02908

Re: File Number 20-005502
    Property Address: 63 Felix Street, Providence, RI 02908

Dear Casey Prasathane:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.

Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

P.O. Box 5041
Troy, MI 48007-5041

USPS CERTIFIED MAIL

9214 8901 9403 8300 0043 5501 03

Casey Prasathane
63 Felix Street Apartment 65,
Providence, RI 02908

File:   20-005502

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED  FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail

Casey Prasathane
63 Felix Street Apartment 65,
Providence, RI 02908

Re: File Number 20-005502
    Property Address: 63 Felix Street, Providence, RI 02908

Dear Casey Prasathane:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.


Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

P.O. Box 5041
Troy, MI 48007-5041

USPS CERTIFIED MAIL



9214 8901 9403 8300 0043 5501 10

Casey Prasathane
63 Felix Street Apartment 1,
Providence, RI 02905

File:   20-005502

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED  FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail

Casey Prasathane
63 Felix Street Apartment 1,
Providence, RI 02905

Re: File Number 20-005502
    Property Address: 63 Felix Street, Providence, RI 02908

Dear Casey Prasathane:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.

Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

P.O. Box 5041
Troy, MI 48007-5041

USPS CERTIFIED MAIL

9214 8901 9403 8300 0043 5501 34

Casey Prasathane
63 Felix Street,
Providence, RI 02908

File:   20-005502

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail

Casey Prasathane
63 Felix Street,
Providence, RI 02908

Re: File Number 20-005502
     Property Address: 63 Felix Street, Providence, RI 02908

Dear Casey Prasathane:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.


Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

P.O. Box 5041
Troy, MI 48007-5041

USPS CERTIFIED MAIL

9214 8901 9403 8300 0043 5500 97

Chong Sourivong
63 Felix Street Apartment 1,
Providence, RI 02908

File:   20-005502

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED  FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION. IN SUCH CASE, PLEASE DISREGARD ANY PART OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**

**OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO THE BENEFITS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT.**

06/29/2021

VIA First Class Mail
VIA Certified Mail
███████████████████

Chong Sourivong
63 Felix Street Apartment 1,
Providence, RI 02908

Re: File Number 20-005502
     Property Address: 63 Felix Street, Providence, RI 02908

Dear Chong Sourivong:

Please be advised that the above referenced loan is in default. This notice is being sent on behalf of your mortgage servicer, Land Home Financial Services, Inc.. Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage. As of the date of this notice, the following amounts are past due:

| Payments Due | $249,374.84 |
|---|---|
| Late Charges | $10,985.94 |
| Legal Fees | $46,414.79 |
| Other Fees | $12,178.55 |
| Unapplied Funds | $-544.70 |
| TOTAL DUE | $318,409.42 |

To cure this default, payment for the entire total amount past due plus any amount(s) that become(s) due in the interim must be received on or before 07/29/2021 to the appropriate address listed at the end of this notice. Payment must be received by Land Home Financial Services, Inc. via MoneyGram, bank check, money order or certified funds.

**Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property**

Please be aware that, after acceleration of the debt, there may be expenses and attorney's fees and costs incurred by us to enforce the terms of the mortgage agreement, in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration must therefore include an amount sufficient to cover such expenses and fees incurred. Payments received that are less than the amount required to reinstate the mortgage loan will be returned, and will not stop any foreclosure proceedings that have begun. **PRIOR TO SUBMITTING A PAYMENT, PLEASE CALL TO VERIFY THE EXACT AMOUNT PAST DUE ON THE ACCOUNT.**

Upon acceleration, the total obligation will be immediately due and payable without further demand. In foreclosure proceedings, we are entitled to collect the total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable attorney's fees and costs. If the loan has already been accelerated and foreclosure proceedings have already begun, we will continue the foreclosure action (if possible).

A borrower has the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

If the default is not cured on or before the date specified above, Land Home Financial Services, Inc. at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Land Home Financial Services, Inc. shall be entitled to collect all expenses incurred in pursuing the remedies provided under applicable law, including, but not limited to, reasonable attorneys' fees and costs of title evidence. If Land Home Financial Services, Inc. invokes the STATUTORY POWER OF SALE, Land Home Financial Services, Inc. shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law.

We encourage you to review the provisions of the note and mortgage.

Land Home Financial Services, Inc. will work with bankruptcy lawyers, foreclosure defense lawyers, housing counselors, and other authorized representatives of our customers once written authorization has been obtained as required by law.

In addition, a HUD counseling agency may be able to provide assistance. To locate the HUD-approved counseling agency, call the HUD Housing Counseling Service at (800) 569-4287 or consult HUD's website at www.HUD.gov. Failing to contact a housing counselor or attorney may result in the loss of certain opportunities, such as meeting with the lender or participating in mediation in front of a neutral third party.

**Attention Servicemembers and Dependents**:  Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember, may be entitled to certain legal protections under the federal Servicemembers Civil Relief Act (50 U.S.C. App. §§ 501-597b) ("SCRA") regarding the servicemember's interest rate and foreclosure protections.   SCRA and certain state laws provide important protections for you.   If you are currently in the military service, or have been within the last twelve (12) months, please notify Land Home Financial Services, Inc. immediately.  Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.  Military OneSource is the U.S. Department of Defense's information resource.  If you are listed as entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call (800) 342-9647 (toll-free from the United States) to find out more information.  Dialing instructions for areas outside the United States are provided on the website.  Homeowner counseling is also available at HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 746-2936 if you have questions about your rights under SCRA

If the account cannot be brought current, Land Home Financial Services, Inc. should be contacted immediately to discuss possible alternatives to foreclosure.  LAND HOME FINANCIAL SERVICES, INC. wants to assist in trying to remedy this situation. Land Home Financial Services, Inc. would like to present some of the alternatives that might be available regarding the delinquent mortgage loan. While Land Home Financial Services, Inc.'s primary objective is the collection of past due amounts on the loan, Land Home Financial Services, Inc. wants to work to find the best available alternative to bring the mortgage loan obligation current.

Sincerely,
Orlans PC
On behalf of Land Home Financial Services, Inc.

# Exhibit F

P.O. Box 5041
Troy, MI 48007-5041

Casey Prasathane
63 Felix Street Apartment 65
Providence, RI 02908

# ORLANS PC

A law firm licensed in
DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Casey Prasathane
63 Felix Street Apartment 65
Providence, RI 02908

RE: Our File Number: 20-005502
    Property Address: 63 Felix Street, Providence, RI 02908

Dear Casey Prasathane:

This law firm has been retained by Land Home Financial Services, Inc. regarding the mortgage which encumbers the above real property (the "Mortgage"). The Note evidencing the loan in the original principal amount of $263,500.00 and the Mortgage are collectively called the "Mortgage Loan."

An attorney has reviewed information provided by our client and has been involved in the preparation of this letter.

According to the records of our client, your Mortgage Loan is in default.  **As a result, the Mortgage Loan has been accelerated and Land Home Financial Services, Inc. has referred the matter to our office for further action. Please see the following page for a statement of the amount owed and important additional information.**

You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges, delinquent taxes, insurance premiums, and costs and fees incurred in the foreclosure.  To request reinstatement information, contact our Loan Resolution Department at (781) 790-7800.

**Any right you may have to reinstate your Mortgage Loan and the procedures for reinstatement outlined above do not alter or amend your validation rights as described on the following page of this notice.**

Very truly yours,
Orlans PC

20-005502/-/1/FDCAL

## NOTICE OF DEBT PURSUANT TO
## 15 USC §1692

1. The amount of debt as of September 8, 2021 is $543,395.03.

2. Because of interest, fees and costs, and other charges that may vary from day to day, the amount you owe at a later date may be greater than the amount stated above.  Please contact Land Home Financial Services, Inc. or Orlans PC at (781) 790-7800 to obtain an updated payoff amount.

3. The name of the creditor to whom the debt is owed is Argolica, LLC.

4. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Orlans PC.

5. If you notify Orlans PC in writing within the thirty day period that the debt, or any portion thereof, is disputed, Orlans PC will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment, and any other information required by applicable law, will be mailed to you by Orlans PC; and

6. Upon your written request within the thirty day period, Orlans PC will provide you with the name and address of the original creditor, if different from the current creditor.

# ORLANS PC

A law firm licensed in
DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA 02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Casey Prasathane
63 Felix Street Apartment 65
Providence, RI 02908

RE: 63 Felix Street, Providence, RI 02908
    Orlans File No. 20-005502
    Rights under Servicemembers Civil Relief Act

Dear Casey Prasathane:

This letter is to inform you that if you are on active duty in the military or are a dependent of someone who is on active duty in military, you may be eligible for certain protections under the federal **Service Members Civil Relief Act (50 USC App. §§501-596) (SCRA).**  Those who may be entitled to such Legal Protection under the SCRA are:

Active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, and active service National Guard; active service members of the commissioned corps of the National Oceanic and Atmospheric Administration; active service members of the commissioned corps of the Public Health Service; United States citizens servicing with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action; and their spouses and/or dependents.

If you feel you may be eligible for such protections, you should contact both the servicer and Orlans PC immediately and forward a copy of the service member's military orders to:

Orlans PC                                          Land Home Financial Services, Inc.1355 Willow
PO Box 540540                                      Way, Suite 250
Waltham, MA  02454             and                 Concord, CA  94520
Attn: SCRA                                         ATTN: Loss Mitigation
Phone (781) 790-7800

**Sincerely,**

20-005502/-/1/FDCAL

**ORLANS PC**

P.O. Box 5041
Troy, MI 48007-5041

Casey Prasathane
63 Felix Street Apartment 1
Providence, RI 02905

File: 20-005502

# ORLANS PC

A law firm licensed in
DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Casey Prasathane
63 Felix Street Apartment 1
Providence, RI 02905

RE: Our File Number: 20-005502
     Property Address: 63 Felix Street, Providence, RI 02908

Dear Casey Prasathane:

This law firm has been retained by Land Home Financial Services, Inc. regarding the mortgage which encumbers the above real property (the "Mortgage"). The Note evidencing the loan in the original principal amount of $263,500.00 and the Mortgage are collectively called the "Mortgage Loan."

An attorney has reviewed information provided by our client and has been involved in the preparation of this letter.

According to the records of our client, your Mortgage Loan is in default.  **As a result, the Mortgage Loan has been accelerated and Land Home Financial Services, Inc. has referred the matter to our office for further action. Please see the following page for a statement of the amount owed and important additional information.**

You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges, delinquent taxes, insurance premiums, and costs and fees incurred in the foreclosure.  To request reinstatement information, contact our Loan Resolution Department at (781) 790-7800.

**Any right you may have to reinstate your Mortgage Loan and the procedures for reinstatement outlined above do not alter or amend your validation rights as described on the following page of this notice.**

Very truly yours,
Orlans PC

20-005502/-/1/FDCAL

## NOTICE OF DEBT PURSUANT TO
## 15 USC §1692

1. The amount of debt as of September 8, 2021 is $543,395.03.

2. Because of interest, fees and costs, and other charges that may vary from day to day, the amount you owe at a later date may be greater than the amount stated above.  Please contact Land Home Financial Services, Inc. or Orlans PC at (781) 790-7800 to obtain an updated payoff amount.

3. The name of the creditor to whom the debt is owed is Argolica, LLC.

4. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Orlans PC.

5. If you notify Orlans PC in writing within the thirty day period that the debt, or any portion thereof, is disputed, Orlans PC will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment, and any other information required by applicable law, will be mailed to you by Orlans PC; and

6. Upon your written request within the thirty day period, Orlans PC will provide you with the name and address of the original creditor, if different from the current creditor.

20-005502/-/1/FDCAL

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800   F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Casey Prasathane
63 Felix Street Apartment 1
Providence, RI 02905

RE: 63 Felix Street, Providence, RI 02908
     Orlans File No. 20-005502
     Rights under Servicemembers Civil Relief Act

Dear Casey Prasathane:

This letter is to inform you that if you are on active duty in the military or are a dependent of someone who is on active duty in military, you may be eligible for certain protections under the federal **Service Members Civil Relief Act (50 USC App. §§501-596) (SCRA).**  Those who may be entitled to such Legal Protection under the SCRA are:

Active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, and active service National Guard; active service members of the commissioned corps of the National Oceanic and Atmospheric Administration; active service members of the commissioned corps of the Public Health Service; United States citizens servicing with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action; and their spouses and/or dependents.

If you feel you may be eligible for such protections, you should contact both the servicer and Orlans PC immediately and forward a copy of the service member's military orders to:

Orlans PC
PO Box 540540
Waltham, MA  02454
Attn: SCRA
Phone (781) 790-7800

and

Land Home Financial Services, Inc.1355 Willow Way, Suite 250
Concord, CA  94520
ATTN: Loss Mitigation

**Sincerely,**

20-005502/-/1/FDCAL

**ORLANS PC**

P.O. Box 5041
Troy, MI 48007-5041

Chong Sourivong
63 Felix Street
Providence, RI 02908

# ORLANS PC

A law firm licensed in
DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Chong Sourivong
63 Felix Street
Providence, RI 02908

RE: Our File Number: 20-005502
      Property Address: 63 Felix Street, Providence, RI 02908

Dear Chong Sourivong:

This law firm has been retained by Land Home Financial Services, Inc. regarding the mortgage which encumbers the above real property (the "Mortgage"). The Note evidencing the loan in the original principal amount of $263,500.00 and the Mortgage are collectively called the "Mortgage Loan."

An attorney has reviewed information provided by our client and has been involved in the preparation of this letter.

According to the records of our client, your Mortgage Loan is in default. **As a result, the Mortgage Loan has been accelerated and Land Home Financial Services, Inc. has referred the matter to our office for further action. Please see the following page for a statement of the amount owed and important additional information.**

You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges, delinquent taxes, insurance premiums, and costs and fees incurred in the foreclosure.  To request reinstatement information, contact our Loan Resolution Department at (781) 790-7800.

**Any right you may have to reinstate your Mortgage Loan and the procedures for reinstatement outlined above do not alter or amend your validation rights as described on the following page of this notice.**

Very truly yours,
Orlans PC

20-005502/-/1/FDCAL

## NOTICE OF DEBT PURSUANT TO
## 15 USC §1692

1. The amount of debt as of September 8, 2021 is $543,395.03.

2. Because of interest, fees and costs, and other charges that may vary from day to day, the amount you owe at a later date may be greater than the amount stated above.  Please contact Land Home Financial Services, Inc. or Orlans PC at (781) 790-7800 to obtain an updated payoff amount.

3. The name of the creditor to whom the debt is owed is Argolica, LLC.

4. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Orlans PC.

5. If you notify Orlans PC in writing within the thirty day period that the debt, or any portion thereof, is disputed, Orlans PC will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment, and any other information required by applicable law, will be mailed to you by Orlans PC; and

6. Upon your written request within the thirty day period, Orlans PC will provide you with the name and address of the original creditor, if different from the current creditor.

20-005502/-/1/FDCAL

# ORLANS PC

A law firm licensed in
DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Chong Sourivong
63 Felix Street
Providence, RI 02908

RE: 63 Felix Street, Providence, RI 02908
    Orlans File No. 20-005502
    Rights under Servicemembers Civil Relief Act

Dear Chong Sourivong:

This letter is to inform you that if you are on active duty in the military or are a dependent of someone who is on active duty in military, you may be eligible for certain protections under the federal **Service Members Civil Relief Act (50 USC App. §§501-596) (SCRA).** Those who may be entitled to such Legal Protection under the SCRA are:

Active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, and active service National Guard; active service members of the commissioned corps of the National Oceanic and Atmospheric Administration; active service members of the commissioned corps of the Public Health Service; United States citizens servicing with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action; and their spouses and/or dependents.

If you feel you may be eligible for such protections, you should contact both the servicer and Orlans PC immediately and forward a copy of the service member's military orders to:

| | | |
|---|---|---|
| Orlans PC | | Land Home Financial Services, Inc.1355 Willow |
| PO Box 540540 | | Way, Suite 250 |
| Waltham, MA  02454 | and | Concord, CA  94520 |
| Attn: SCRA | | ATTN: Loss Mitigation |
| Phone (781) 790-7800 | | |

**Sincerely,**

20-005502/-/1/FDCAL

**ORLANS PC**

P.O. Box 5041
Troy, MI 48007-5041

Casey Prasathane
63 Felix Street
Providence, RI 02908

File:   20-005502

## ORLANS PC

A law firm licensed in
DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Casey Prasathane
63 Felix Street
Providence, RI 02908

RE: Our File Number: 20-005502
     Property Address: 63 Felix Street, Providence, RI 02908

Dear Casey Prasathane:

This law firm has been retained by Land Home Financial Services, Inc. regarding the mortgage which encumbers the above real property (the "Mortgage"). The Note evidencing the loan in the original principal amount of $263,500.00 and the Mortgage are collectively called the "Mortgage Loan."

An attorney has reviewed information provided by our client and has been involved in the preparation of this letter.

According to the records of our client, your Mortgage Loan is in default.  **As a result, the Mortgage Loan has been accelerated and Land Home Financial Services, Inc. has referred the matter to our office for further action. Please see the following page for a statement of the amount owed and important additional information.**

You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges, delinquent taxes, insurance premiums, and costs and fees incurred in the foreclosure.  To request reinstatement information, contact our Loan Resolution Department at (781) 790-7800.

**Any right you may have to reinstate your Mortgage Loan and the procedures for reinstatement outlined above do not alter or amend your validation rights as described on the following page of this notice.**

Very truly yours,
Orlans PC

## NOTICE OF DEBT PURSUANT TO
## 15 USC §1692

1. The amount of debt as of September 8, 2021 is $543,395.03.

2. Because of interest, fees and costs, and other charges that may vary from day to day, the amount you owe at a later date may be greater than the amount stated above.  Please contact Land Home Financial Services, Inc. or Orlans PC at (781) 790-7800 to obtain an updated payoff amount.

3. The name of the creditor to whom the debt is owed is Argolica, LLC.

4. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Orlans PC.

5. If you notify Orlans PC in writing within the thirty day period that the debt, or any portion thereof, is disputed, Orlans PC will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment, and any other information required by applicable law, will be mailed to you by Orlans PC; and

6. Upon your written request within the thirty day period, Orlans PC will provide you with the name and address of the original creditor, if different from the current creditor.

20-005502/-/1/FDCAL

# ORLANS PC

A law firm licensed in
DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Casey Prasathane
63 Felix Street
Providence, RI 02908

RE: 63 Felix Street, Providence, RI 02908
　　　Orlans File No. 20-005502
　　　Rights under Servicemembers Civil Relief Act

Dear Casey Prasathane:

This letter is to inform you that if you are on active duty in the military or are a dependent of someone who is on active duty in military, you may be eligible for certain protections under the federal **Service Members Civil Relief Act (50 USC App. §§501-596) (SCRA).**  Those who may be entitled to such Legal Protection under the SCRA are:

Active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, and active service National Guard; active service members of the commissioned corps of the National Oceanic and Atmospheric Administration; active service members of the commissioned corps of the Public Health Service; United States citizens servicing with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action; <u>and their spouses and/or dependents.</u>

<u>If you feel you may be eligible for such protections, you should contact both the servicer and Orlans PC immediately</u> and forward a copy of the service member's military orders to:

Orlans PC
PO Box 540540
Waltham, MA  02454　　　　　　　　　and
Attn: SCRA
Phone (781) 790-7800

Land Home Financial Services, Inc.1355 Willow Way, Suite 250
Concord, CA  94520
ATTN: Loss Mitigation

**Sincerely,**

20-005502/-/1/FDCAL

**ORLANS PC**

P.O. Box 5041
Troy, MI 48007-5041

Chong Sourivong
63 Felix Street Apartment 1
Providence, RI 02908

File:   20-005502

# ORLANS PC

A law firm licensed in
DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Chong Sourivong
63 Felix Street Apartment 1
Providence, RI 02908

RE: Our File Number: 20-005502
    Property Address: 63 Felix Street, Providence, RI 02908

Dear Chong Sourivong:

This law firm has been retained by Land Home Financial Services, Inc. regarding the mortgage which encumbers the above real property (the "Mortgage"). The Note evidencing the loan in the original principal amount of $263,500.00 and the Mortgage are collectively called the "Mortgage Loan."

An attorney has reviewed information provided by our client and has been involved in the preparation of this letter.

According to the records of our client, your Mortgage Loan is in default.  **As a result, the Mortgage Loan has been accelerated and Land Home Financial Services, Inc. has referred the matter to our office for further action. Please see the following page for a statement of the amount owed and important additional information.**

You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges, delinquent taxes, insurance premiums, and costs and fees incurred in the foreclosure.  To request reinstatement information, contact our Loan Resolution Department at (781) 790-7800.

**Any right you may have to reinstate your Mortgage Loan and the procedures for reinstatement outlined above do not alter or amend your validation rights as described on the following page of this notice.**

Very truly yours,
Orlans PC

20-005502/-/1/FDCAL

## NOTICE OF DEBT PURSUANT TO
## 15 USC §1692

1. The amount of debt as of September 8, 2021 is $543,395.03.

2. Because of interest, fees and costs, and other charges that may vary from day to day, the amount you owe at a later date may be greater than the amount stated above.  Please contact Land Home Financial Services, Inc. or Orlans PC at (781) 790-7800 to obtain an updated payoff amount.

3. The name of the creditor to whom the debt is owed is Argolica, LLC.

4. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Orlans PC.

5. If you notify Orlans PC in writing within the thirty day period that the debt, or any portion thereof, is disputed, Orlans PC will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment, and any other information required by applicable law, will be mailed to you by Orlans PC; and

6. Upon your written request within the thirty day period, Orlans PC will provide you with the name and address of the original creditor, if different from the current creditor.

20-005502/-/1/FDCAL

# ORLANS PC

A law firm licensed in

DC, DE, FL, MA, MD, MI, NH, PA, RI, VA

PO Box 540540
Waltham, MA  02454
P (781) 790-7800  F (781) 790-7801
www.Orlans.com
Business Hours: 8:30 AM – 5:00 PM ET

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, OR IF YOU ARE A DEPENDENT OF AN ACTIVE SERVICEMEMBER, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

September 10, 2021

VIA FIRST CLASS MAIL
Chong Sourivong
63 Felix Street Apartment 1
Providence, RI 02908

RE: 63 Felix Street, Providence, RI 02908
    Orlans File No. 20-005502
    Rights under Servicemembers Civil Relief Act

Dear Chong Sourivong:

This letter is to inform you that if you are on active duty in the military or are a dependent of someone who is on active duty in military, you may be eligible for certain protections under the federal **Service Members Civil Relief Act (50 USC App. §§501-596) (SCRA).**  Those who may be entitled to such Legal Protection under the SCRA are:

Active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, and active service National Guard; active service members of the commissioned corps of the National Oceanic and Atmospheric Administration; active service members of the commissioned corps of the Public Health Service; United States citizens servicing with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action; and their spouses and/or dependents.

If you feel you may be eligible for such protections, you should contact both the servicer and Orlans PC immediately and forward a copy of the service member's military orders to:

| | | |
|---|---|---|
| Orlans PC | | Land Home Financial Services, Inc.1355 Willow |
| PO Box 540540 | | Way, Suite 250 |
| Waltham, MA  02454 | and | Concord, CA  94520 |
| Attn: SCRA | | ATTN: Loss Mitigation |
| Phone (781) 790-7800 | | |

**Sincerely,**

20-005502/-/1/FDCAL

**ORLANS PC**

# Exhibit G



Department of Defense Manpower Data Center

Results as of : Mar-01-2022 09:44:21 AM

SCRA 5.12

## Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN: XXX-XX-2058

Birth Date:

Last Name: PRASATHANE

First Name: CASEY

Middle Name:

Status As Of: Mar-01-2022

Certificate ID: 62XZQFYYHYFDK7B

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Department of Defense Manpower Data Center

Results as of : Mar-01-2022 09:41:31 AM

SCRA 5.12



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:              XXX-XX-1765

Birth Date:

Last Name:        SOURIVONG

First Name:       CHONG

Middle Name:

Status As Of:     Mar-01-2022

Certificate ID:   BTM8M285D7WS1WH

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director

Department of Defense - Manpower Data Center

400 Gigling Rd.

Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.